**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4749**

---

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　Plaintiff - Appellee,

　　　versus

ARTHUR DELEON WILSON,

　　　　　　　　　　　　　　　Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-04-146)

---

Submitted: July 18, 2005　　　　　Decided: August 15, 2005

---

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

C. Gordon McBride, Hartsville, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Arthur Deleon Wilson appeals a 192-month sentence imposed after he pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), 924(e) (2000). Counsel for Wilson filed an Anders[1] brief, in which he states that there are no meritorious issues for appeal, but suggests that the district court erred in overruling Wilson's objection to the Government's failure to move for a downward departure.[2] Wilson was advised of his right to file a pro se supplemental brief, but did not file a brief.

A departure on the ground of substantial assistance to the Government first requires that the Government file a motion for the court to depart. United States v. Schaefer, 120 F.3d 505, 508 (4th Cir. 1997). The district court may review a prosecutor's refusal to file a substantial assistance motion to determine whether the refusal is based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). In order to invoke this review, however, a defendant must do more than make

[1]Anders v. California, 386 U.S. 738 (1967).

[2]U.S. Sentencing Guidelines Manual § 5K1.1 (2003).

"generalized allegations of improper motive"--he must make a "substantial threshold showing." Id. at 186.

In this case, Wilson's counsel never objected to the Government's refusal to move for a downward departure. The Assistant United States Attorney informed the district court that the Government was not moving for a departure because Wilson refused to be debriefed regarding a past conviction. Wilson's counsel argued that Wilson had assisted the Government and that she had advised him not to discuss the conviction in question until she had an opportunity to investigate it, but did not specifically object to the Government's decision not to move for departure. We conclude that the issue of the propriety of the Government's refusal to move for a departure was never squarely presented to the district court, and in any event Wilson has failed to make a threshold showing that the Government's refusal to move was based upon an improper motive.

In accordance with Anders, we have thoroughly examined the entire record, including the transcripts of the Fed. R. Crim. P. 11 and sentencing hearings, for any other potentially meritorious issues and have found none.[3] Accordingly, we affirm

---

[3]This court entered an order on April 11, 2005, that stated: "[t]o assist this Court in determining the impact, if any, of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), upon this appeal, appellant is accorded the opportunity to submit supplemental briefing raising any claims based upon Booker that appellant wishes this Court to consider." Wilson was given until April 25, 2005, to file a supplemental brief, but no briefs

Wilson's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

were filed.  Accordingly, we have not considered any potential issues arising under Booker.